# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN JOHN OLSON, Booking #19705513,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. TREASURY DEPARTMENT, et al.,<br><br>Defendants. | Case No.: 3:19-cv-01517-JAH-BLM<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a), FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a), AND FAILING TO COMPLY WITH Fed. R. Civ. P. 3, 8(a)(1)-(3) AND 12(h)(3)** |

Steven John Olson ("Plaintiff"), while detained at the San Diego Central Jail, and proceeding pro se, has filed a civil complaint entitled "Constitutional and Civil Human Rights Violations." (*See* Compl., ECF No. 1 at 1.)

As far as the Court can decipher, it appears Plaintiff seeks to sue the U.S. Treasury, NASA Apollo Missions, Napa Wine Country, and the State of California, among others, for discriminating against him as a "handicapped disabled veteran," causing him "financial problems," and somehow contributing to his December 2018 arrest by the Escondido Police Department. (*Id.* at 1-4.) He includes drawings, photographs, and portions of newspaper clipping about a WWII survivor of the Battle of the Bulge, but his pleading is essentially incomprehensible. (*Id.* at 1-15.)

## I. Failure to Pay Filing Fee or Request IFP Status

However, all parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence a civil action, and he has not filed a Motion to Proceed IFP in compliance with 28 U.S.C. § 1915(a). Therefore, no civil action can yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. Initial Review of Plaintiff's Pleadings

"The first step in a civil action in a United States district court is the filing of [a] complaint with the clerk or the judge." 4 Wright, Miller, Kane, Marcus & Steinman, Fed. Prac. & Proc. Civ. § 1052 (3d ed. 2002 & Supp. Aug. 2019); Fed. R. Civ. P. 3 ("A civil action is commenced by filing a *complaint* with the court.") (emphasis added). Pursuant to FED. R. CIV. P. 8(a), every complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction," ... (2) a short and plain statement showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3).

Federal courts have limited jurisdiction, and limitations on the court's jurisdiction "must neither be disregarded nor evaded." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). The Court must determine sua sponte whether it has subject matter

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Here, while Plaintiff may *wish* to file a civil rights action, or some claim for relief based on his status as a disabled veteran, his current Complaint fails to invoke federal subject matter jurisdiction pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343(a)(3) or 42 U.S.C. § 12132. *See Watson v. Chessman*, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005) ("The court will not ... infer allegations supporting federal jurisdiction; federal subject matter [jurisdiction] must always be affirmatively alleged.").

Plaintiff's Complaint also fails to allege any discernible claim to relief that is "plausible on its face," *Ashcroft v. Iqbal,* U.S. 662, 678 (2009) (citation omitted), and therefore, it must be dismissed sua sponte pursuant to 28 U.S.C. § 1915A(b), regardless of his IFP status. *See Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011) (noting court's obligation under the Prison Litigation Reform Act to "review, before docketing or as soon thereafter as practicable, any civil action brought by a prisoner seeking redress from a governmental entity, officer or employee," and its requirement to dismiss complaints or any portion thereof that are "frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seek[ing] monetary relief from a defendant who is immune" pursuant to 28 U.S.C. § 1915A(a), (b)).

Because Plaintiff is proceeding without counsel, however, the Court will grant him an opportunity to amend. As noted above, however, Plaintiff's Amended Complaint must comply with Federal Rule of Civil Procedure 8. "Each allegation [in a pleading] must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d)(1). "'While the proper length and level of clarity for a pleading cannot be defined with any great precision,' Rule 8(a) has 'been held to be violated by a pleading that was … highly repetitious, or confused, or consisted of incomprehensible rambling.'" *Cafasso v. Gen'l Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting 5 Wright & Miller, Fed. Prac. & Proc., § 1217 (3d ed. & Supp. Aug. 2019)); *see also Hearns v. San*

*Bernardino Police Dept.*, 530 F.3d 1124, 1132 (9th Cir. 2008) ("[I]t is not the district court's job to stitch together cognizable claims for relief from [a] wholly deficient pleading.") (citation omitted); *Morrison v. United States*, 270 F. App'x 514, 515 (9th Cir. 2008) (affirming Rule 8 dismissal of pro se complaint "contain[ing] a confusing array of vague and undeveloped allegations," and which "did not allege sufficient facts or jurisdictional basis for any federal claim for relief.").

In addition, Plaintiff is cautioned that if he files an Amended Complaint pursuant to 42 U.S.C. § 1983, it too will be subject to another initial screening and that it will be dismissed sua sponte pursuant to 28 U.S.C. § 1915A(b) (because he is a prisoner) or 28 U.S.C. § 1915(e)(2) (if he files a motion to proceed IFP) for failing to state a claim unless it contains factual matter sufficient to plausibly show that: (1) a right secured by the Constitution or laws of the United States was violated; and (2) the alleged violation was committed by a person acting under color of state law. *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011). "Because vicarious liability is inapplicable to ... § 1983 suits," he must also plead that each Government-official defendant he wishes to sue, "through the official's own *individual* actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (emphasis added). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. "Under this rule, a claim must contain 'more than labels and conclusions' or a 'formulaic recitation of the elements of the cause of action.'" *Sheppard v. Evans & Assoc.,* 694 F.3d 1045, 1048 (9th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### III. Conclusion and Order

For the reasons explained, the Court:

1. **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the $400 filing fee required by 28 U.S.C. § 1914(a), failure to file a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), and his failure to file a Complaint which alleges

///

federal subject matter jurisdiction pursuant to Fed. R. Civ. P. 3, 8(a)(1)-(3), and 12(h)(3); and,

2. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order to re-open the case by: (a) prepaying the entire $400 civil filing fee in full; *or* (b) completing and filing a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint, *see* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2(b); *and* (c) filing an Amended Complaint that conforms with Rule 8.

If Plaintiff fails to comply with these directions within the time provided, this civil action will remain dismissed without prejudice for the reasons set forth in this Order and without any further action by the Court.

**IT IS SO ORDERED**.

Dated: September 27, 2019

_____
Hon. John A. Houston
United States District Judge